```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ROSARIO, *Individually and on Behalf of Others Similarly Situated*,

          Plaintiff,

-against-

LOS CASTILLOS MINI MARKET, CORP. and CARLOS CASTILLO,

          Defendants.

23-cv-2240 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

The Court held a default judgment hearing in this matter on November 9, 2023. As explained at that hearing and as further detailed in this Order, the Court GRANTS in part and DENIES in part the pending motion for default judgment.

The Court awards Plaintiff default judgment with respect to Counts One through Five of the Complaint, subject to the following findings. As to Counts One (FLSA minimum wage violations) and Two (FLSA overtime violations), the Court does *not* find that the Complaint plausibly alleges willfulness. *See* 29 U.S.C. § 255(a); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations."). Accordingly, for purposes of calculating damages, the Court finds that a two-year statute of limitations applies to Counts One and Two and began to run on March 15, 2021. With respect to Counts Three (NYLL minimum wage violations), Four (NYLL overtime violations), and Five (NYLL spread-of-hours violations), the Court finds that the six-year statute of limitations is applicable for purposes of calculating damages. *See* NYLL § 663(3). In addition, with respect to Counts One (FLSA minimum wage violations) and Three (NYLL minimum wage violations), the Court finds that Plaintiff has plausibly stated minimum wage violations *up until* the time at which

Plaintiff's salary was raised to $1,300 per week (*i.e.*, above the minimum wage) in April 2022. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1(a).

The Court DENIES Plaintiff default judgment with respect to Counts Six and Seven. The Court finds that the Complaint does not plausibly allege that Plaintiff was *injured* by any purported lack of notice, and Plaintiff therefore lacks standing to assert these claims. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)); *see also Ramirez v. Urion Constr. LLC*, No. 22-cv-3342, 2023 WL 3570639, at *8 (S.D.N.Y. May 19, 2023) ("Courts throughout the Second Circuit have . . . found no standing in cases . . . where Plaintiffs have not established any injury traceable to violation of the wage notice and statement requirements."); *Huerta v. 101 N. Laundromat Inc.*, No. 21-cv-6127, 2023 WL 199699, at *2 (E.D.N.Y. Jan. 17, 2023) ("Courts in this district have held that plaintiffs lack standing under *TransUnion* to claim violations of the NYLL wage notice and wage statement provisions where the plaintiff cannot demonstrate a tangible injury as a result of the defendant's violation of these provisions."). Accordingly, the Court finds that Plaintiff is not entitled to any damages on Counts Six and Seven.

The Court will refer this case to the assigned Magistrate Judge for an inquest on damages consistent with the rulings outlined at the default judgment hearing and in this Order.

The Clerk of Court is respectfully requested to terminate ECF No. 17.

**SO ORDERED.**

Date:  November 9, 2023
       New York, NY

MARY KAY VYSKOCIL
**United States District Judge**